UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOZYFA SULTAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00865-JPH-MPB |
| | ) | |
| RUIZ, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Hozyfa Sultan, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights when they allowed him to be assaulted by another inmate. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Sultan alleges in his complaint that he was assaulted in his cell on August 5, 2019. He contends that defendant Officer Ruiz was responsible for the security of his range and failed to prevent the assault. He further alleges that Warden Dushan Zatecky permitted staff to allow inmates to breach security because of staffing shortages.

Based on the screening standard set forth above, Mr. Sultan's claims **shall proceed** against defendants Ruiz and Zatecky in their individual capacities as claims that they failed to protect him from harm in violation of his Eighth Amendment rights.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 26, 2020,** in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/27/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

HOZYFA SULTAN
179719
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following employees of the Indiana Department of Correction at the Pendleton Correctional Facility

Officer Ruiz
Dushan Zatecky